UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL ACTION |
| v. | * | NO. 11-019 |
| JOHN BAGENT | * | SECTION: "B" |

* * *

### GOVERNMENT'S MEMORANDUM IN OPPOSITION SEEKING DISMISSAL OF DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

The United States of America, through the undersigned Assistant United States Attorney, asks that this Court dismiss defendant John Bagent's motions for compassionate release based on COVID-19 concerns. Rec Docs. 465, 467, 472. Bagent did not file a formal request for compassionate release based on COVID-19 concerns with his warden until May 6, 2020, which is after the date that his motions for release were filed with the Court. Since the defendant has not otherwise exhausted his administrative remedies, his motions thus should be dismissed.

### FACTUAL BACKGROUND

For the sake of brevity, the government concurs with and adopts the defendant's recitation of the factual background of this matter. Rec. Doc. 472, p. 1-2. Bagent is serving a 225 month term of imprisonment after pleading guilty to a conspiracy to distribute cocaine and cocaine base at FCI Yazoo City (Low) in Yazoo City, Mississippi. Rec. Docs. 193, 472 p. 2. The defendant has a projected release date from the Bureau of Prisons (BOP) on February 7, 2027. See https://www.bop.gov/inmateloc/. The defendant now moves for a sentence reduction based on the compassionate release into home confinement, resulting in the defendant's immediate release from BOP's custody, relying on the threat posed by the COVID-19 pandemic.

On April 13, 2020, Bagent filed a motion for compassionate release asking the Court to for compassionate release based on concerns about the COVID-19 pandemic. Rec. Doc. No. 465. In his motion, however, the defendant does not allege that, before seeking relief from this Court, he (1) moved his warden for compassionate release and then waited 30 days; or (2) exhausted BOP administrative remedies. The defendant's girlfriend, Betty Gordon, filed a separate motion for compassionate release on April 30, 2020, and on May 3, 2020, Bagent's counsel sought leave to file a Supplemental Memorandum in Support of the two prior motions. Rec. Docs. 467, 472. On May 5, 2020, Bagent signed and dated a formal request directed to the warden for compassionate release. It was noted as received by the FCI Yazoo City (Low) facility on May 6, 2020.

On May 8, 2020, the Court ordered that the government respond to the said motions by no later than May 20, 2020, but also stated that the filing date was "subject to change upon view of this latest filing, if needed." Rec. Doc. 471. On May 19, 2020, the government filed a Motion for an Extension of Time within which to file a response due the allegations in the Supplemental Memorandum.  Rec. Doc. 473. While the Court has yet to rule on the government's motion, the government has just obtained the defendant's records from FCI Yazoo City (Low) and has determined that the defendant did not file a formal request with the warden for compassionate release until May 6, 2020 (attached hereto as government Exhibit A).  Accordingly, the government is ready to proceed and asks this Court to dismiss Bagent's motion.

## LAW AND ARGUMENT

I.   **Legal framework.**

Under § 3582(c)(1)(A), this Court may, in certain circumstances, grant a defendant's motion to reduce his term of imprisonment. Before filing the motion, however, the defendant must first seek relief from BOP. 18 U.S.C. § 3582(c)(1)(A). A district court may grant the defendant's

2

motion for a sentence reduction only if the motion is filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

If that exhaustion requirement is satisfied, a district court may reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). Under the applicable policy statement, a district may reduce the term of imprisonment after considering the § 3553(a) factors if it finds that (i) "extraordinary and compelling reasons warrant the reduction"; (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and (iii) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.[1]

As the movant, the defendant bears the burden to establish that he is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

---

[1] The policy statement includes an application note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is: (i) suffering from a serious physical or medical condition; (ii) suffering from a serious functional or cognitive impairment, or (iii) experiencing deteriorating physical or mental health because of the aging process, and that any of the foregoing conditions substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). The application note also sets out other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(B)-(C). Finally, the note recognizes that BOP can identify other grounds that amount to "extraordinary and compelling reasons." U.S.S.G. § 1B1.13, cmt. n.1(D).

## II. Because Bagent has not satisfied his administrative exhaustion requirements, his compassionate release motion must be dismissed.

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010) (citation omitted). As the Supreme Court has recognized, finality is an important attribute of criminal judgments, and one "essential to the operation of our criminal justice system." *Teague v. Lane*, 489 U.S. 288, 309 (1989) (plurality opinion). Accordingly, it is well established that once a district court has pronounced sentence and the sentence becomes final, the district court has no inherent authority to reconsider or alter that sentence. Rather, it may do so only pursuant to statutory authorization. *See, e.g.*, *United States v. Addonizio*, 442 U.S. 178, 189 & n.16 (1979).

Consistent with that principle of finality, § 3582(c)(1)(A) allows a court to consider a defendant's motion for modification of a term of imprisonment based on compassionate release only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).[2]

"'The requirement that an inmate first exhaust his administrative remedies within the BOP is jurisdictional.'" *United States v. Mingo*, No. CR 10-222, 2020 WL 2308635, at *2 (E.D. La. May 8, 2020) (quoting *United States v. Gentry*, No. 03-50033, 2020 WL 2131001, at *2 (W.D. La. May 5, 2020) (citing *United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th Cir. 2010))); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *United States v. Depron*, No. CR 14-59,

---

[2] Although the government uses the term "exhaustion requirement," to be clear, an inmate need not "exhaust" administrative remedies if the motion is filed in a district court 30 days after receipt of a request by the warden.

4

2020 WL 2308636, at *3 (E.D. La. May 8, 2020) (Vance, J.) ("[T]he Court cannot forgive Depron's failure to exhaust, and without exhaustion, the Court lacks jurisdiction over his motion.").

"Even in the context of the COVID-19 pandemic, a defendant must first satisfy the exhaustion criteria of 18 U.S.C. § 3582(c)(1)(A) in order for the Court to have jurisdiction over a motion for a sentence reduction." *Mingo*, 2020 WL 2308635, at *2. "'This conclusion is supported by a number of cases in which courts have addressed motions for compassionate release under the [First Step Act] due to COVID-19 and found they do not have the authority to address those motions when the defendants have not first satisfied the exhaustion requirements[.]'" *Mingo*, 2020 WL 2308635, at *2 (brackets in original) (citing *United States v. Guyton*, No. 11-271, 2020 WL 2128579, at *2 (E.D. La. May 5, 2020) (Milazzo, J.) (internal citation omitted) (collecting cases)); *see also United States v. Samak*, No. CR 91-189, 2020 WL 2473780, at *2 (E.D. La. May 13, 2020) (Morgan, J.) ("Because the Court cannot consider Petitioner's request for compassionate release until he has complied with the exhaustion requirements of § 3582(c)(1)(A), the Court must deny the instant motion without prejudice for failure to comply with the mandatory exhaustion requirements under § 3582(c)(1)(A).").

Here, the defendant does not address this requirement, other than to acknowledge non-compliance in his original motion and at the time the Supplemental Memorandum was filed. In the Supplemental Memorandum, he simply argues that the Court should waive the requirement. As noted above, Bagent did not formally file the required request with the warden until May 6, 2020 (even though it is dated May 5, 2020). *See* government's Exhibit A. Further, BOP has advised that it has not ruled on Bagent's request. Accordingly, the defendant's motion "is not properly before this Court because he has not shown that he either 'fully exhausted all administrative rights' or 'the lapse of 30 days from the receipt' of a request for compassionate release by the warden of his

facility." *See Mingo*, 2020 WL 2308635, at *2 (quoting 18 U.S.C. § 3582(c)(1)(A)). Accordingly, this Court lacks jurisdiction to act on Bagent's motion for compassionate release at this time, and his motion should be dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court dismiss John Bagent's motions for release based on COVID-19 concerns without prejudice.

Respectfully submitted,

PETER G. STRASSER
UNITED STATES ATTORNEY

*/s/ Edward J. Rivera*
EDWARD J. RIVERA
Assistant United States Attorney
LA Bar Roll No. 17771
U.S. Attorney's Office (E.D. La.)
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone: (504) 680-3163

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2020, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Louisiana, using the electronic case filing system of the court. I also mailed a paper copy to John Bagent and Betty Gordon at the addresses provided in their motions.

*/s/Edward J. Rivera*
EDWARD J. RIVERA
Assistant United States Attorney